UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
WESTLEY BAUTISTA,

                        Plaintiff,

        -against-

CITY OF NEW YORK; Correction Officer "JANE" POWELL, Shield No. 15358; and JOHN and JANE DOE 1 through 10,

                        Defendants.
----------------------------------------------------------------x

**COMPLAINT**

Jury Trial Demanded

16 CV 2326

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Westley Bautista is a resident of the State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the Department of Correction ("DOC"), a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of correction officers and supervisory correction officers, including the individually named defendants herein.

9. Defendant Correction Officer "Jane" Powell, Shield No. 15358 ("Powell"), at all times relevant herein, was an officer, employee and agent of the DOC. Plaintiff does not know the true first name of defendant Powell. Defendant Powell is sued in her individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were correction officers or supervisors employed by the DOC. Plaintiff does not know the real names or shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the DOC. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 10:00 p.m. on October 26, 2015, Mr. Bautista reported for work on the midnight sanitation crew at the George Motchan Detention Center on Rikers Island ("GMDC").

14. Some time after midnight, defendant Powell instructed Mr. Bautista and the two other inmates he was working with to obtain supplies with which to clean the floor, including a buffing machine, mops, buckets and a large rolling garbage can.

15. In the GMDC kitchen, defendant Powell ordered Mr. Bautista to fill the garbage can with boiling hot water and stripping soap.

16. Defendant Powell instructed Mr. Bautista to push the garbage can full of boiling water down the hallway toward the "2 main" area.

17. As Mr. Bautista pushed the heavy garbage can, it became lodged in an obvious crack in the hallway floor, causing the can to tip over and spill and pulling

Mr. Bautista into a large pool of boiling, slickened water.

18. As Mr. Bautista struggled helplessly, defendant Powell stood by and rendered him no aid.

19. When defendant Powell failed to act, a fellow inmate, Hector Lebron, assisted Mr. Bautista to his feet.

20. Mr. Bautista sustained second degree partial thickness burns causing epidural loss to, *inter alia*, his right upper arm, right knee and right lower leg.

21. Although Mr. Bautista was in clear need of medical attention, defendant Powell took him instead to an office, where she ordered him to change into a new uniform.

22. In an act of cruelty, defendant Powell prevented Mr. Bautista from going to the clinic and ordered Mr. Bautista back to his work detail.

23. Mr. Bautista and his fellow inmates protested that Bautista's injuries required emergency medical treatment, but defendant Powell simply refused to take him for treatment.

24. Defendant Powell then ordered the three inmates – including Mr. Bautista – back to their respective housing areas.

25. When Mr. Bautista arrived at his housing area, he was ultimately permitted to seek medical treatment at the GMDC clinic.

26. Mr. Bautista was eventually transferred to "West facility" for continued treatment.

27. Mr. Bautista suffered severe pain and permanent disfigurement as a result of the incident.

28. Within ninety days after the claim alleged in this complaint arose, a written notice of claim was served upon defendants at the Comptroller's office.

29. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

30. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

31. Mr. Bautista suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, mental anguish, fear, pain, permanent bodily injury, and anxiety.

## FIRST CLAIM
### Deliberate Indifference

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Defendant Powell and her supervisors were aware of a risk to plaintiff's safety prior to his injury and failed to act, in deliberate indifference to Mr. Bautista's constitutional rights.

34. In a second act of deliberate indifference following Mr. Bautista's injury, defendant Powell and unidentified officers failed to provide Mr. Bautista with medical treatment when he was in severe and obvious need for same.

35. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

36. As a direct and proximate result of this unlawful conduct, Mr. Bautista sustained the damages hereinbefore alleged.

SECOND CLAIM
*Monell*; Supervisory Liability

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendant City, through the DOC, has a policy and/or practice of subjecting Rikers Island inmates on work detail to constitutionally impermissible conditions.

39. As part of this policy and/or practice, City employees routinely – as in this case – fail to provide medical attention when injuries result from the unsafe conditions.

40. This policy and practice was a moving force behind plaintiff's injuries in this case.

41. In addition, defendant Powell's supervisors are liable for failing to appropriately oversee and audit her conduct with respect to her management of Mr. Bautista's work detail.

42. The John and Jane Doe supervisors knew or should have known that defendant Powell's conduct threatened the constitutional rights of inmates including Mr. Bautista, and recklessly failed to act.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
### Negligence; Negligent Hiring/Training/Retention

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. Defendant City, through the DOC, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a

reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

46. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

47. Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

48. Defendant City knew or should have known through the exercise of reasonable diligence that the there was an obvious crack in the floor.

49. Defendant City knew or should have known through the exercise of reasonable diligence that directing an inmate to push a large garbage can full of boiling hot water and chemicals was likely to lead to injury.

50. Upon information and belief, defendant City's negligence and negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

51. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Negligent Infliction of Emotional Distress

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. By reason of the foregoing, the defendants, acting in their capacities as DOC officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

54. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as correction officers.

55. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

56. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure to Intervene

57. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

59. Accordingly, the defendants who failed to intervene violated the Fourteenth Amendment.

60. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   March 29, 2016
         New York, New York

HARVIS & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@civilrights.nyc

*Attorneys for plaintiff*